**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| William Brandon Sellers and | § | |
| Marnie Sellers | § | |
|       *Plaintiffs*, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| Duane Livingston Trucking, Inc. | § | |
|       *Defendant*. | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

**A.  Parties**

1. Plaintiff, William Brandon Sellers, an individual, is a citizen of Miller County, Arkansas, and resides at 1004 East 16th Street, Texarkana, Arkansas.

2. Plaintiff, Marnie Sellers, an individual, is a citizen of Miller County, Arkansas, and resides at 1004 East 16th Street, Texarkana, Arkansas.

3. Defendant, Duane Livingston Trucking, Inc., is a corporation that is incorporated and organized under the laws of the State of Texas.  Defendant has a principal place of business in the State of Texas at 169 Blankenship Lane, Texarkana, Bowie County, Texas.  Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Duane Livingston, at RR 9 Box 401, Texarkana, Texas 75505.

## B.  Jurisdiction

4. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, excluding interest and costs.

## C.  Venue

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because defendant Duane Livingston Trucking, Inc. resides in this district.

6. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district as set forth more fully herein.

## D.  Conditions Precedent

7. All conditions precedent have been performed or have occurred.

## E.  Facts

8. Plaintiff William Brandon Sellers (hereinafter "Brandon Sellers") and Plaintiff Marnie Sellers reside together as husband and wife and were married on June 22, 2013.

9. On March 26, 2014, Plaintiff Brandon Sellers, suffered injuries to his person, including a fractured leg.  The injury occurred when a camlock under the care, custody and control of Defendant Duane Livingston Trucking, Inc. (hereinafter "Livingston Trucking") split, causing the camlock fitting and attached hose to strike Plaintiff in the leg which resulted in multiple fractures of Plaintiff's leg.  The incident is described more fully below.

10. Renewable Energy Group, Inc. (hereinafter "REG") in New Boston, Texas employs Brandon Sellers as a loader operator.  Brandon Sellers worked as a loader operator at REG on or around March 26, 2014.

11. REG converts natural fats, oils and greases into advanced biofuels and also converts diverse feedstocks into renewable chemicals. As part of its operations, REG receives shipments of these various materials at its New Boston, Texas facility and stores these materials in on-site storage tanks.

12. On March 26, 2014, Livingston Trucking delivered a load of product to REG at the REG New Boston facility where Brandon Sellers was working. On information and belief, Livingston Trucking owned and operated the truck and trailer that was used to deliver the product.

13. Livingston Trucking equips its trucks with an offload pump (hereinafter "offload pump") that is utilized to transfer the product from the Livingston Trucking trailer to the REG storage tanks.

14. In preparation to transfer the product from the Livingston Trucking Trailer to the REG storage tanks, an REG employee connected an REG hose to the camlock fitting on the outlet of the offload pump. The driver of the Livingston Trucking truck connected a Livingston Trucking hose to the inlet side of the offload pump. The offload pumps that are located on the Livingston Trucking trucks are within the possession, custody, control, and care of Livingston Trucking and its employees.

15. The camlock fitting on the outlet of the offload pump was an aluminum 3" camlock male x 3" NPT male thread.

16. Before pumping began, the driver of the Livingston Trucking truck checked both hoses that were connected to the offload pump and verified they were properly connected. Brandon Sellers and one or more other REG employees verified that all valves were open between the offload pump and the REG storage tanks.

17. After all valves were verified to be open, the Livingston Trucking truck driver turned on the offload pump to begin the transfer.

18. Shortly after pumping began, the Livingston Trucking driver and Brandon Sellers heard a noise. At that time, the Livingston Trucking driver turned off the offload pump. After it was again verified that all valves were open, the Livingston Trucking driver turned on the offload pump.

19. Soon after the offload pump was turned on a second time, the outlet camlock fitting split. The resulting pressure release caused the split camlock fitting and the hose connected to it to strike Plaintiff in the leg.

20. The split camlock and hose struck Plaintiff's leg with so much force that it broke Plaintiff's leg above the ankle in multiple locations, including complete fractures of both the tibia and fibula.

21. Based on information and belief, Livingston Trucking was aware of prior failures of aluminum camlock fittings during the offload of product from its trucks and trailers utilizing its offload pumps.

22. Brandon Sellers endured enormous and unconscionable physical pain and suffering, loss of enjoyment of life, disfigurement and mental anguish as a result of his injuries. As a result of extensive medical care, Brandon Sellers has incurred medical bills and will continue to do so into the future. To date, Brandon Sellers is not, and may not ever be, fully recovered from his injuries. Brandon Sellers has been unable to continue his work at REG, or hold other employment due to the limitations of his physical condition.

23. As a result of the injuries to Brandon Sellers, Plaintiff Marnie Sellers has suffered loss of consortium with her husband and loss of household services.

### F.  Count 1 - Negligence

24. At the time of the incident, Defendant Livingston Trucking was negligent in the care and operation of its equipment, including its offload pump and attached camlock fittings.

25. Defendant Livingston Trucking had a duty to exercise ordinary care in the selection, inspection, maintenance, and operation of its equipment and to do so in a reasonable and prudent manner.

26. Defendant Livingston Trucking breached its duty in one or more of the following ways:

    i. Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

    ii. Failing to select a camlock fitting of the appropriate grade and/or material that would be sufficient for the operations in which it was intended to be used;

    iii. Failing to adequately inspect the equipment used in the offload of product;

    iv. Failing to properly maintain the equipment used in the offload of product;

    v. Failing to adequately train its employees with regard to the selection, inspection, maintenance, care, and operation of the offload equipment and related parts;

    vi. Failing to hire employees with the ability to properly operate the offload equipment and related parts.

27. Each of these negligent and/or grossly negligent acts and/or omissions were jointly and severally, singularly or in combination, each a proximate cause of the occurrence that caused Plaintiffs' injuries.  Defendant Livingston Trucking is individually and vicariously liable for

the conduct of its principals, agents, servants, employees, foremen and/or supervisors acting in the scope and furtherance of their duties for Defendant Livingston Trucking.

### G. Count 2 – Gross Negligence

28. At the time of the incident, Defendant Livingston Trucking was grossly negligent in the selection, inspection, maintenance, and operation of its equipment.

29. Defendant Livingston Trucking was aware, or should have been aware, of the extreme degree of risk in using aluminum camlock fittings for the offload of product from its trucks and trailers, but continued use of these camlock fittings despite this risk.

30. The conduct of Defendant Livingston Trucking, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiffs Sellers. Plaintiffs, therefore, sees exemplary damages against Defendant Livingston Trucking.

### H. Damages

31. As a proximate cause of Defendant Livingston Trucking's negligent acts and omissions, Plaintiff Brandon Sellers and Plaintiff Marnie Sellers have suffered and will continue to suffer significant losses and injuries resulting in the following actual damages in an amount exceeding seventy-five thousand dollars ($75,000.00):

    i. disfigurement;

    ii. loss of enjoyment of life;

    iii.  past and future physical pain and suffering,;

    iv.  past and future mental anguish;

    v.  past and future physical impairment;

    vi.  past and future medical expenses;

    vii.  past and future lost earnings and earnings capacity;

    viii.  past and future loss of consortium;

    ix.  past and future loss of household services;

    x.  pre-judgment interest at the highest rate allowed by law; and

    xi.  post-judgment interest at the highest rate allowed by law.

## I. Exemplary Damages

32. Plaintiffs seek exemplary damages for personal injuries caused by Defendant Livingston Trucking's gross negligence under Texas Civil Practice & Remedies Code section 41.003(a)(3), as defined by section 41.001(11).

## J. Demand for Jury

33. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## K. Prayer

34. WHEREFORE, Plaintiffs Brandon Sellers and Marnie Sellers pray that Defendant Livingston Trucking be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiffs have and recover judgment from Defendant pursuant to the above and foregoing claims and actions in such an amount as the evidence may show proper at the time of trial, together with pre-judgment interest and post-judgment interest thereon at the maximum rate allowed by law, costs of court, and for such other

and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated:  June 4, 2014

                Respectfully Submitted,

                _____

        **NIX, PATTERSON & ROACH, LLP**
            **BRADY PADDOCK**
            State Bar No. 00791394
            **BEN KING**
            State Bar. No. 24048592
            2900 St. Michael Drive, Suite 500
            Texarkana, TX 75503
            Telephone:  903.223.3999
            Facsimile:  903.223.8520
            Email: bpaddock@nixlawfirm.com
                    benking@nixlawfirm.com